IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

      Plaintiff,                    No.  2: 11-cv-2462 KJM KJN P

    vs.

MATTHEW CATE, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner and is proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The complaint names 24 defendants, 24 causes of action, and is 59 pages long. Federal Rule of Civil Procedure 8(a) requires that pleadings contain *short* and *plain* claims for relief.  Plaintiff complaint does not comply with Rule 8(a) as it is clear that plaintiff may state his claims in a substantially shorter complaint.  In addition, plaintiff has attached 141 pages of exhibits to his complaint.  Plaintiff is not required to attach exhibits to the amended complaint. Plaintiff may also not rely on exhibits to state his claims.  In other words, the amended complaint must contain a short and plain statement of plaintiff's claims.  *Plaintiff's amended complaint may be no longer than 25 pages to be in compliance with Federal Rule of Civil Procedure Rule 8(a).*

The undersigned also observes that the complaint contains no allegations against seven of the named defendants (Cate, Virga, Durango, Shane, Wong, O'Brien and Guzman). The complaint also contains allegations against several other individuals who plaintiff identifies as defendants (Wray, Barbour, Duc), but who are not listed as defendants in the section of the complaint titled "Parties."  If plaintiff files an amended complaint, he must clearly identify the defendants and link each named defendant to an alleged deprivation.

In part, plaintiff alleges that his right to due process was violated by the mishandling of several of his administrative appeals.  Prisoners have no separate constitutional entitlement to a specific grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  If plaintiff files an amended complaint, he should not include claims alleging due process violations in connection with the processing of his administrative grievances.

Plaintiff also alleges that he was denied due process during disciplinary proceedings following which he was assessed 360 days of time credits.

////

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486   The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.  <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir. 1995), that a claim challenging only the procedures employed in a disciplinary hearing is not barred by <u>Heck</u>.

Plaintiff's claims alleging due process violations in connections with prison disciplinary proceedings are most likely barred unless the disciplinary conviction has been invalidated, expunged or reversed.  Plaintiff should keep these legal standards in mind when preparing an amended complaint, if any.

////

1         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Therefore, plaintiff's request for the appointment of counsel is denied.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." *The amended complaint may be no longer than 25 pages.* Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for appointment of counsel (Dkt. No. 3) is denied.

DATED: November 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

      Plaintiff,                              No. 2: 11-cv-2462 KJM KJN P

      vs.

MATTHEW CATE, et al.,                 <u>NOTICE OF AMENDMENT</u>

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____           Amended Complaint

DATED:

                                                      _____

                                                        Plaintiff