IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

        Plaintiff,                  No. 2: 11-cv-2462 KJM KJN P

    vs.

MATTHEW CATE, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for a court order (Dkt. No. 24) and motion to be transferred (Dkt. No. 35). For the following reasons, these motions should be denied.

        In the motion for a court order, filed February 16, 2012, plaintiff requests, in part, that the defendants be ordered to provide him with a wheelchair to accommodate his back injury. In the motion to be transferred, filed March 29, 2012, plaintiff requests that he be transferred to a different prison. The undersigned construes the pending motions as requests for injunctive relief.

        At the time plaintiff filed the pending motions, plaintiff was housed at California State Prison-Sacramento ("CSP-Sac"). On April 9, 2012, plaintiff filed a notice of change of address indicating that he has been transferred to the R.J. Donovan Correctional Facility.

1

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Because plaintiff is no longer incarcerated at CSP-Sac, his pending motions for injunctive relief are moot. Moreover, plaintiff has received the relief sought in his motion requesting a transfer. Accordingly, plaintiff's motions should be denied as moot.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a court order (Dkt. No. 24) and motion to be transferred (Dkt. No. 35), construed as motions for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.inj