IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

        Plaintiff,                   No.  2: 11-cv-2462 KJM KJN P

    vs.

MATTHEW CATE, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 20, 2012, defendants filed a motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b) and (b)(6).

        On August 31, 2012, plaintiff filed a letter with the court stating that he does not know the deadline for responding to defendants' motion to dismiss.  The March 22, 2012 order for service informed plaintiff that all motions pursuant to Federal Rule of Civil Procedure 12 were to be briefed pursuant to Local Rule 230(l).  Local Rule 230(l) provides that oppositions to motions are due within twenty-one days of service of the motion.  Plaintiff is granted twenty-one days from the date of this order to file his opposition to defendants' motion to dismiss.

////

While defendants' motion to dismiss gave plaintiff notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies, in an abundance of caution plaintiff is herein provided with additional notice.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case will be over. If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action, if they are not otherwise time-barred.

On August 31, 2012, plaintiff filed a motion for law library access. In this motion, plaintiff alleges that due to the hours that the law library is open, he will not have adequate time to prepare his opposition. After reviewing plaintiff's motion, the undersigned finds that plaintiff has not demonstrated that his law library access is inadequate. For this reason,

plaintiff's motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for law library access (Dkt. No. 74) is denied;

2. Plaintiff's opposition to defendants' motion to dismiss is due within twenty-one days of the date of this order.

DATED: September 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.opp