1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10
11   TONY ASBERRY,                        )
                                          )
12              Plaintiff,                )        No. CIV S- 11-2462 KJM KJN P
                                          )
12        v.                              )
                                          )
13   MATTHEW CATE, et al.,                )        ORDER
                                          )
14              Defendants.               )
                                          )
15   _____)

16              Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983, alleging generally that prison officials failed to protect him from an assault by

18   another inmate and failed to provide adequate medical care.  In findings and recommendations

19   filed July 23, 2012, the magistrate judge recommended that plaintiff's motion for a preliminary

20   injunction seeking an order directing prison officials to provide him with adequate medical care

21   (ECF No. 50) be denied because it sought relief from individuals who are not parties to the

22   instant lawsuit.  ECF No. 56.  This court adopted the findings and recommendations in an order

23   filed September 12, 2012, acknowledging plaintiff's objections to the findings and

24   recommendations and stating that upon the *de novo* review of the case as required by 28 U.S.C.

25   § 636(b)(1)(C), it found the findings and recommendations to be supported by the record and by

26   proper analysis.  ECF No. 74.

On September 28, 2012, plaintiff filed a request for reconsideration on the ground that "the judge did not give any clue of how the decision was reached.  The record is silent in this regard."  ECF No. 79 at 1.  He concludes that he "would like the Judges reasons for the courts ruling [*sic*]. . . ."  *Id*. at 2.

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure.*"  City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *McConnell v. Lassen County*, No. CIV. S-05-0909 FCD DAD, 2008 WL 4482853, at *2 (E.D. Cal. Oct. 3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'" (quoting *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000)).  In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties .. . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *Regents v. University of Calif. v. Bernzomatic*, No. CIV. 2:10-cv-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011).  Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice.  *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *School Dist. No. 1J Multnomah County,  Oregon v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Plaintiff says only that he believes "the ruling was not in accordance with Local Rule 303(a) and 28 U.S.C. §636(b)(1)" and so has not provided a sufficient basis for this court's reconsideration of its order.  Even if he had, however, the court would not grant reconsideration: absent "strong evidence to the contrary" an order that states the court has conducted a *de novo* review of the case and considered a party's objections is sufficient.  *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006); *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381-82 (5th Cir.

2004) (two sentence order adopting the magistrate's recommendation sufficient under 28 U.S.C.

§ 636(b)(1)).  Plaintiff's motion for reconsideration (ECF No. 79) is denied.

              IT IS SO ORDERED.

DATED:  October 19, 2012.

 

                            UNITED STATES DISTRICT JUDGE