IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

      Plaintiff,                    No.  11-cv-2462 KJM KJN P

   vs.

MATTHEW CATE, et al.,

      Defendants.          ORDER

_____/

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 20, 2012, defendants filed a motion to dismiss for failure to exhaust administrative remedies.  On October 9, 2012, plaintiff filed his opposition.

      Defendants' motion contains notice to plaintiff of his obligation in opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003.)  The Ninth Circuit has since clarified the notice required.  See Stratton v. Buck, 2012 WL 4094937 (9th Cir. Sept. 19, 2012).  Pursuant to Stratton, plaintiff is given the following additional notice of his obligation in opposition defendants' motion.

      This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to

1

exhaust administrative remedies.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).  The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies.  A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings."  Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012).  The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will be over.  If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

////

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted twenty-one days to file either 1) a statement that he relies on his previously submitted opposition; 2) a new opposition; or 3) a supplemental opposition.

DATED: October 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.not

3