IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,               No. 2: 11-cv-2462 KJM KJN P

    vs.

MATTHEW CATE, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, and with a civil rights action pursuant to 42 U.S.C. § 1983. On August 20, 2012, defendants Ali Bobbala, McCarvel, Nangalama, Phelps, Virga, and Wadell filed a motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b) and (b)(6). On October 30, 2012, defendants Chin, Dhillon, Duc, and Elton filed a motion to dismiss on the same grounds.

        On October 11, 2012, plaintiff filed a second motion for a court order requiring plaintiff to be provided use of the prison library. On November 26, 2012, plaintiff filed a third motion requesting law library access.

        In plaintiff's prior August 31, 2012 motion for law library access, plaintiff alleged that due to the limited hours that the law library is open, he would not have adequate time to

1

1 prepare his opposition.  After reviewing the motion, the court found that plaintiff did not
2 demonstrate that his law library access is inadequate, and his request was denied.
3        In his pending motions, plaintiff raises many of the same claims concerning
4 limited access to the law library.  However, he adds a claim that the photocopy machine in the
5 law library was broken (although now repaired), and complains that because he uses a
6 wheelchair, he is often deprived of law library access because he arrives last, and the law library
7 can only hold so many inmates, operating on a "first come, first served" basis.
8        It is well established that the Prison Litigation Reform Act ("PLRA") requires that
9 a prisoner exhaust his available administrative remedies before bringing a federal civil rights
10 action.  See 42 U.S.C. § 1997e(a); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005); Griffin v.
11 Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  "[T]he PLRA's exhaustion requirement applies to
12 all inmate suits about prison life, whether they involve general circumstances or particular
13 episodes, and whether they allege excessive force or some other wrong."  Bennett v. King, 293
14 F.3d 1096, 1098 (9th Cir. 2002) (citation and internal quotation marks omitted); see also
15 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); Jones v. Bock, 549 U.S.
16 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that
17 unexhausted claims cannot be brought in court.").  Even if a prisoner seeks relief that is
18 unavailable through the prison's grievance system (e.g. monetary relief), he must still first
19 exhaust all available administrative remedies.  Booth v. Churner, 532 U.S. 731, 741 (2001).
20        Plaintiff was previously informed of the requirements for opposing a motion to
21 dismiss for failure to exhaust administrative remedies.  When a defendant moves to dismiss some
22 or all of your claims for failure to exhaust administrative remedies, the defendant is requesting
23 that the court dismiss claims for which plaintiff did not first exhaust available administrative
24 remedies.  Plaintiff was informed that to oppose the motion, he may submit proof of specific
25 facts regarding the exhaustion of administrative remedies.  To do this, he may refer to specific
26 statements made in the complaint if signed under penalty of perjury and if the complaint shows

that plaintiff has personal knowledge of the matters stated.  Plaintiff may also submit declarations setting forth facts regarding exhaustion of the claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  Thus, in large part, plaintiff's opposition will turn on the specific facts demonstrating his efforts to exhaust his administrative remedies as to each defendant and each claim, rather than legal arguments requiring extensive legal research.

Plaintiff's October 11, 2012 motion for law library access was filed two days after plaintiff filed his 107 page opposition to the first motion to dismiss, and prior to the filing of the second motion to dismiss.  Thus, plaintiff's October 11, 2012 motion is moot as it is apparent plaintiff had law library access to file the 27 page opposition and declarations, and the appended 80 pages of exhibits.

In his November 26, 2012 motion, plaintiff also alleges he was deprived of his full four hour access to the law library on one day.  This allegation is insufficient to demonstrate that plaintiff is being unlawfully deprived of law library access.  Moreover, a more expeditious way of handling such an occurrence is to simply seek an extension of time in which to file an opposition.  Review of the instant docket reveals that plaintiff has filed numerous motions in this case, which are requiring undue use of limited court resources.  Plaintiff is formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); <u>see also</u> <u>Tripati v. Beaman</u>, 878 F2d 351, 352 (10th Cir. 1989). Plaintiff is cautioned that the number of motions filed to date are bordering on excessive, and his continued filing of such may subject plaintiff to restricted court access if plaintiff does not exercise appropriate restraint henceforth.

Finally, the court notes that in the second motion to dismiss, defendants rely on their points and authorities filed with the August 20, 2012 motion to dismiss.  Thus, plaintiff has been on notice of the exhaustion standard since he received the August 20 motion.

////

For all of the above reasons, plaintiff's November 26, 2012 motion is denied. However, in an abundance of caution, plaintiff is granted an additional twenty-one days in which to file his opposition. No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 11, 2012 motion (dkt. no. 81) is denied as moot;

2. Plaintiff's November 26, 2012 motion (dkt. no. 89) is denied without prejudice;

3. The continued filing of excessive motions may subject plaintiff to restricted court access; and

4. Plaintiff is granted twenty-one days from the date of this order in which to file an opposition to defendants' October 30, 2012 motion to dismiss. Defendants' reply, if any, shall be filed seven days thereafter.

DATED: November 28, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe2462.lib