IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

        Plaintiff,                    No. 2: 11-cv-2462 KJM KJN P

    vs.

MATTHEW CATE, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief filed May 24, 2013.

        Plaintiff, who is housed at the R.J. Donovan Correctional Facility ("RJDCF") alleges that he has been placed in administrative segregation and denied access to his legal materials related to the instant action. In particular, plaintiff alleges that his legal materials are missing from his property that was packed and stored when he was placed in administrative segregation. Plaintiff fears that his legal materials were improperly confiscated.

        No defendants are located at RJDCF. Therefore, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See <u>Zenith Radio</u>

Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose jurisdiction over this action if plaintiff does not have access to his legal materials. For this reason, the Warden of RJDCF is directed to inform the court regarding the status of plaintiff's access to his legal materials related to this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, the Warden of RJDCF shall inform the court of the status of plaintiff's access to his legal materials related to this action;

2. The Clerk of the Court is directed to serve this order and a copy of plaintiff's motion for injunctive relief (ECF No. 103) on Warden of the R.J. Donovan Correctional Facility, P.O. Box 799003, San Diego, California, 92179.

DATED: June 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.alw

2