UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>   Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>   Defendants. | No. 2: 11-cv-2462 KJM KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief filed May 24, 2013. For the following reasons, the undersigned recommends that plaintiff's motion be denied.

Legal Standard for Injunctive Relief

  The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean

1

Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

Discussion

Plaintiff, who is housed at the R.J. Donovan Correctional Facility ("RJDCF") alleges that he has been placed in administrative segregation and denied access to his legal materials related to the instant action. Plaintiff alleges that his legal materials are missing from his property that was packed and stored when he was placed in administrative segregation. Plaintiff suggests that his legal materials were confiscated in retaliation for his pursuit of the instant action.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

No defendants are located at RJDCF. Therefore, plaintiff seeks injunctive relief against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary

1  power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the
2  exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d
3  1283, 1289 (9th Cir. 1979).
4      Out of concern that the court may lose jurisdiction of this action if plaintiff did not have
5  access to his legal materials, the court ordered the Warden of RJDCF to inform the court of the
6  status of plaintiff's access to his legal materials related to this action.  On June 27, 2013, J.
7  Morales, the Legal/Property Officer in Building 6 at RJDCF, filed a declaration addressing
8  plaintiff's access to his legal materials.  In his declaration, J. Morales states as follows:

> 2. Buildings 6 and 7 are the only two housing units at RJDCF for inmates assigned to administrative segregation (ad-seg).  There is one Legal/Property Officer assigned to each building.
>
> 3. When an inmate is transferred from a housing unit into ad-seg, all of his property, including legal materials, is inventoried and taken to Receiving and Release (R & R).
>
> 4.  An inmate in ad-seg can have up to one cubic foot of legal materials of his choice in his cell at any given time. If an ad-seg inmate has more than one cubic foot of legal materials, the excess materials are stored in R & R.
>
> 5. If an ad-seg inmate wants to review his legal materials that are in R & R, he must submit a legal property request form.
>
> 6.  As the Legal/Property Officer assigned to Building 6, I go to each cell in the building on Thursdays with a legal property request form.
>
> 7.  If an inmate submits a legal property request form, it typically takes about one to seven days before he will be able to review his legal materials.  Once I find the legal property an inmate has requested, I take it to him in his cell for his review.  If the inmate making a request has an unusually large amount of legal materials or if I am unable to find the items the inmate has requested, I take him to R & R to review his legal materials.
>
> 8.  Inmate Tony Asberry (P-63953) was placed in ad-seg in Building 6 on April 17, 2013, for safety concerns. The last time Asberry accessed his legal property was May 4, 2013. On that date, he spent one and one-half hours going through his legal property but did not take any of it back to his cell. He has not submitted any requests to review his property since then.
>
> 9. There is no indication that any of his legal materials have been lost or stolen.

      10. I am aware that inmate Asberry has submitted an inmate appeal alleging that some of his legal materials are missing. The RJDCF Appeals Office is processing his appeal, and his allegations are being investigated. Asberry's allegation of missing legal materials will be resolved at the conclusion of the investigation.

(ECF No. 106.)

      Plaintiff has not demonstrated that any official at RJDCF confiscated his legal property in retaliation for his pursuit of the instant action. His claims regarding missing property are under investigation by RJDCF officials. Under these circumstances, an order for injunctive relief pursuant to the All Writs Act is not warranted.

      If plaintiff is dissatisfied with the results of the investigation at its conclusion, he may file another motion for appropriate relief. If plaintiff is unable to prosecute this action without the allegedly missing legal work, he may file a motion to stay this action pending the results of the investigation. Such a motion must be well supported. The motion to stay must describe the missing documents and why they are necessary to prosecute this action.

      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 103) be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Date: 7/10/2013**

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.pi

4