UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, | No. 2: 11-cv-2462 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In his motion for injunctive relief, plaintiff alleged that his legal materials related to the instant action were missing from his property. Plaintiff suggested that the legal materials were confiscated in retaliation for his pursuit of the instant action.

Pursuant to the All Writs Act, the magistrate judge directed the Warden at the R.J. Donovan Correctional Facility ("RJDCF") to inform the court of the status of plaintiff's access to

1

his legal materials. On June 27, 2013, J. Morales, the Legal/Property Officer in Building 6 at RJDCF, filed a declaration stating there was no indication that any of plaintiff's legal materials were lost or stolen. J. Morales went on to state that the RJDCF Appeals Office was investigating plaintiff's claim that some of his legal materials were missing.

The magistrate judge then found that plaintiff had not demonstrated that any official at RJDCF had confiscated his legal material in retaliation for his pursuit of the instant action. For this reason, and because his claim regarding missing legal materials was under investigation by RJDCF, the magistrate judge found that an order for injunctive relief pursuant to the All Writs Act was not warranted. The magistrate judge also advised plaintiff that if he was dissatisfied with the results of the investigation at its conclusion, he could file another motion for appropriate relief.

In his objections to the findings and recommendations, filed July 22, 2013, plaintiff alleges that he is still missing his legal materials. He also includes statements suggesting that the investigation discussed in the findings and recommendations is not yet complete. In the meantime, it is still plaintiff's duty to prosecute this action. To the extent certain missing items are court orders, the Clerk of the Court is directed to send plaintiff a copy of the court docket. Plaintiff may mark those documents he is missing that he believes he requires to prosecute this action and then return the docket to the court. The court will review the marked documents to plaintiff and determine if they are necessary for prosecution of this action. If they are, copies will be sent to plaintiff.

Notwithstanding the foregoing, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 10, 2013, are adopted in full;

2. Plaintiff's motion for injunctive relief (ECF No. 103) is denied;

////

3. The Clerk of the Court is directed to send plaintiff a copy of the docket sheet for this action; within fourteen days of the date of this order, plaintiff shall mark those documents on the docket sheet he requires to prosecute this action and return it to the court; and

4. This matter is referred back to the magistrate judge for further proceedings.

DATED: September 25, 2013.

_____
UNITED STATES DISTRICT JUDGE