UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, | No. 2:11-cv-2462 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

2   Having considered the factors under Palmer, the court finds that plaintiff has failed to
3   meet his burden of demonstrating exceptional circumstances warranting the appointment of
4   counsel at this time.

5   Also pending before the court is plaintiff's October 28, 2013 request for clarification of
6   the October 21, 2013 order.  The background to this request is as follows.

7   On September 23, 2013, plaintiff filed a motion for law library access.  Plaintiff stated that
8   the discovery cut-off date was January 3, 2014, and all discovery requests were to be served not
9   later than sixty days prior to that date.  Plaintiff alleged that he was being denied law library
10  access in order to prepare his proposed discovery.

11  On October 21, 2013, in response to plaintiff's September 23, 2013 motion for law library
12  access, the court re-set the discovery cut-off date for February 20, 2014.

13  On October 28, 2013, plaintiff filed a request for clarification of the October 21, 2013
14  order.  In this pleading, plaintiff alleges that he "found ways to get some, in fact most, of his
15  discovery requests completed."  (ECF No. 129 at 2.)  Plaintiff states that he would like to know if
16  defendants are required to serve him with responses to these previously served requests within
17  forty-five days of their service, as required by the September 13, 2013 scheduling order.  Plaintiff
18  suggests that he may wish to serve defendants with additional discovery requests now that the
19  discovery deadline has been extended.

20  The court re-set the discovery deadline based on plaintiff's representation that he could
21  not conduct discovery due to inadequate law library access.  It now appears that plaintiff's ability
22  to conduct discovery was not impeded by alleged inadequate law library access.  For this reason,
23  plaintiff may not serve defendants with any further discovery requests unless good is shown.
24  Defendants shall respond to plaintiff's previously served discovery requests within forty-five days
25  of the date of this order.  Plaintiff may file motions to compel on or before the February 20, 2014
26  deadline set in the October 21, 2013 order.

27  Within fourteen days of the date of this order, plaintiff may file a request with the court to
28  conduct additional discovery.  This request must describe the previously served discovery

2

requests and why the proposed additional discovery is essential to his case.  If the court finds good cause, plaintiff will be permitted to conduct limited additional discovery.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 128) is denied without prejudice;
2. Within forty-five days from the date of this order, defendants shall provide plaintiff with responses to all previously served discovery requests; and
3. Within fourteen days of the date of this order, plaintiff may file a request to conduct additional discovery; plaintiff is prohibited from conducted additional discovery unless the court finds good cause.

Dated:  November 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe2462.31