UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, | No. 2: 11-cv-2462 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a court ordered physical examination. (ECF No. 125.) Also pending is plaintiff's motion for a court ordered mental health examination. (ECF No. 127.) For the following reasons, these motions are denied.

Motion for a Mental Health Examination

Plaintiff moves for a mental health examination of inmate Wilson pursuant to Federal Rule of Civil Procedure 35(a). In this action, plaintiff alleges that he was assaulted by inmate Wilson, who has mental health problems.

In relevant part, Federal Rule of Civil Procedure 35 provides that the court may order a party whose mental condition is in controversy to submit to a mental examination. This rule also states that the court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control. Fed. R. Civ. P. 35(a)(1).

1

1      Rule 35 does not authorize the court to order an incarcerated witness to submit to a mental
2 health examination. "The extension [of Rule 35] to provide for a nonparty in custody or under
3 control of a party is limited. It is intended to apply where a parent or guardian is suing to recover
4 for injuries to a minor. It allows the court to order that the parent or guardian makes a good faith
5 effort to produce the minor for examination." Scharf v. U.S. Atty. Gen., 597 F.2d 1240, 1244
6 (9th Cir. 1979). Rule 35 does not authorize the court to order the California Department of
7 Corrections and Rehabilitation, a non-party, to produce an inmate witness for a mental health
8 examination. For these reasons, plaintiff's motion for a mental health examination of inmate
9 Wilson is denied.

10 <u>Motion for a Physical Examination</u>

11      Plaintiff moves for a physical examination of himself pursuant to Federal Rule of Civil
12 Procedure 35(a). Plaintiff requests a physical examination on grounds that he suffered physical
13 injuries as a result of the assault by inmate Wilson, for which he has been denied medical care.

14      Federal Rule of Civil Procedure 35 does not allow for a physical examination of oneself.
15 <u>Berg v. Prison Health Services</u>, 376 Fed.Appx. 723, 724 (9thCir. 2010); <u>Smith v. Carroll</u>, 602
16 F.Supp.2d 521, 526 (D.Del. 2009) ("Rule 35, however, does not vest the court with authority to
17 appoint an expert to examine a party wishing an examination of himself."); <u>Lindell v. Daley</u>,
18 2003 WL 23111624, at *1–2 (W.D. Wi. June 30, 2003) ("The rule is not intended to cover a
19 situation such as the one here, where plaintiff wishes an examination of himself. Obtaining
20 evidence to prove his case is plaintiff's responsibility, not the government's."); <u>Green v. Branson</u>,
21 108 F.3d 1296, 1304 (10th Cir. 1997) (upholding denial of inmate's Rule 35 motion where
22 purpose was to obtain medical care). Accordingly, plaintiff's motion for a physical examination
23 is denied.

24 ////
25 ////
26 ////
27 ////
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a physical examination (ECF No. 125) is denied; and

2. Plaintiff's motion for a mental health examination (ECF No. 127) is denied.

Dated: November 22, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.ex