UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TON ASBERRY, | No. 2: 11-cv-2462 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's December 2, 2013 motion for relief. Plaintiff alleges that he is being denied access to his legal materials. For the following reasons, this motion is denied without prejudice.

    Plaintiff is housed at the R.J. Donovan Correctional Facility ("RJDCF"). On May 24, 2013, plaintiff filed a motion for injunctive relief alleging that he was being denied access to his legal materials related to the instant action. Plaintiff alleged that his legal materials were missing from his property that was packed and stored when he was placed in administrative segregation. Plaintiff suggested that the materials were confiscated in retaliation for his pursuit of the instant action.

1

1   On July 10, 2013, the undersigned recommended that plaintiff's May 24, 2013 motion for
2   injunctive relief be denied.  In the findings and recommendations, the undersigned observed that
3   no defendants are located at RJDCF.  The court cannot order injunctive relief against individuals
4   who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research,
5   Inc., 395 U.S. 100 (1969).  The court would have to invoke the All Writs Act, 28 U.S.C § 1651(a)
6   in order for officials at RJDCF to respond to plaintiff's motion.  The undersigned found that
7   invocation of the All Writs Act was not appropriate because plaintiff had not demonstrated that
8   his property was confiscated in retaliation for his pursuit of the instant action.  The undersigned
9   also noted that plaintiff's claims regarding missing property were under investigation by officials
10  at RJDCF.  Plaintiff was advised that if he was dissatisfied with the results of the investigation, he
11  could file another motion for appropriate relief.
12  On September 26, 2013, the Honorable Kimberly J. Mueller adopted the July 10, 2013
13  findings and recommendations.  Judge Mueller ordered that to the extent certain missing items
14  were documents contained in the court record, the Clerk of the Court was directed to send
15  plaintiff a copy of the court docket.  Judge Mueller ordered that plaintiff could mark those
16  documents he was missing that he believed he required to prosecute this action and then return
17  the docket to the court.  Judge Mueller ordered that the court would review the documents marked
18  by plaintiff and determine if they were necessary to prosecute this action.  If found necessary,
19  copies would be sent to plaintiff.
20  Plaintiff did not return a copy of the court docket to the court requesting copies of
21  documents.
22  In the pending motion, plaintiff complains that the investigation into his missing
23  documents is still not complete.  Plaintiff alleges that on August 25, 2013, he mailed his
24  Director's Level appeal regarding the missing documents.  Plaintiff alleges that the response to
25  this grievance was due within sixty days.  Plaintiff alleges that on October 14, 2013, plaintiff
26  received a letter from J.D. Lozano stating that his Director's Level Appeal was sent to prison
27  officials at RJDCF with instructions to complete a second level review within 30 working days.
28  Plaintiff alleges that this appeal then goes back to the Director's Level of Review for another

1  sixty days of review.  Plaintiff alleges that the appeal process regarding his missing documents
2  will not be completed until February or March 2014.
3      Discovery for plaintiff is closed.  (<u>See</u> ECF No. 130.)  The dispositive motion cut-off date
4  is March 28, 2014.  If plaintiff is unable to prepare a dispositive motion due to missing legal
5  property, he may file an appropriate motion at the time of the dispositive motion cut-off date.  If
6  plaintiff is unable to respond to a dispositive motion due to missing legal property, he may file an
7  appropriate motion in response to defendants' dispositive motion.  Any motion filed by plaintiff
8  alleging denial of access to legal property should include all responses by prison officials to his
9  grievances regarding missing legal property.  Plaintiff should also identify the legal property he is
10 missing that is required to either prepare or respond to a dispositive motion.
11     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for legal materials (ECF
12 No. 135) is denied without prejudice.
13 Dated:  December 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

as2462.ll(2)

3