UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, | No. 2: 11-cv-2462 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel and for costs. For the reasons stated herein, this motion is granted.

Defendants contend that plaintiff refused to attend his deposition. Defendants move to compel plaintiff's attendance at his deposition and seek the costs associated with their attempt to depose plaintiff. In the alternative, defendants move to dismiss this action for plaintiff's failure to participate in his deposition.

Federal Rule of Civil Procedure 37(d) provides that the court may order sanctions if a party fails, after being served with proper notice, to appear for their deposition. As a sanction, the court may order the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). The court may also dismiss the action as a

1  sanction for a party's failure to appear at their deposition.  Fed. R. Civ. P. 37(b)(2)(A)(v).

2  In support of their motion, defendants have submitted the declaration of defense counsel.

3  In this declaration, defense counsel describes her attempt to depose plaintiff:

> 2. On January 27, 2014, I had my legal assistant, V.J. Glover, serve Plaintiff with the deposition notice, which is attached as Exhibit A.
>
> 3. On February 14, 2014, I flew from Sacramento to San Diego and rented a car to appear at Plaintiff's deposition, located at Richard J. Donovan Correctional Facility (RJD) in San Diego, California.
>
> 4.  When I arrived at RJD, I was informed that Plaintiff was refusing to leave his cell without a wheelchair.
>
> 5.  At the same time, I was informed that medical staff had not designated Plaintiff as a "DPO" or "DPW" disabled, which would require the use of a wheelchair.
>
> 6.  I requested that the litigation coordinator pull Plaintiff's most recent Disability Placement Program Verification from his central file to ensure that Plaintiff was receiving all medically necessary accommodations.
>
> 7.  Attached as Exhibit B is the Disability Placement Program Verification that I reviewed at that time, showing that medical staff had removed any mobility accommodations from Plaintiff on October 15, 2013.
>
> 8.  Even though Plaintiff did not have a documented medical basis to need a wheelchair to be transported to the deposition, I requested that correctional officers bring a wheelchair to Plaintiff's housing unit to transport him to the room where the deposition was scheduled to occur.
>
> 9.  After officers brought Plaintiff a wheelchair, I was advised that Plaintiff was dissatisfied with the wheelchair that had been brought to him and was demanding a different kind of wheelchair that was unavailable.
>
> 10.  I was also informed that Plaintiff was insisting on being unshackled, but due to Plaintiff's placement in Administrative Segregation (Ad-Seg), and safety and security concerns, officers were unwilling to accommodate Plaintiff's requests with regard to removing his restraints.
>
> 11.  I requested that the officers give Plaintiff one last opportunity to attend his deposition with the wheelchair that they had brought to him.  I also requested that the officers advise Plaintiff that I would be filing a motion to compel and that his failure to attend his deposition could result in dismissal of his lawsuit.
>
> 12.  After Plaintiff once again refused to attend his deposition, I stopped attempting to accommodate his requests.

2

>13. I then requested the court reporter place Correctional Officer C. Taylor, who was one of the officers who observed Plaintiff's refusal to attend his deposition, under oath to document his interactions with Plaintiff in the housing unit. Attached as Exhibit C is a copy of Officer C. Taylor's deposition testimony.
>
>14. On February 18, 2014, I received a piece of mail from Plaintiff purportedly served on February 9, 2014, requesting that I conduct the deposition at Plaintiff's cell door or provide Plaintiff with a wheelchair to attend his deposition. The letter I received is attached as Exhibit D.
>
>15. With regarding to Plaintiff's requested accommodations, I do not believe that it is logistically feasible to conduct a deposition through a cell door without placing the court reporter inside the cell, which would pose obvious security concerns. In addition, correctional staff attempted to provide Plaintiff with a wheelchair, and he still refused to attend his deposition.
>
>16. Attached as Exhibit E are medical records I requested from the custodian of records at RJD demonstrating that Plaintiff does not require mobility accommodations to attend his deposition.
>
>17. Specifically, Plaintiff's October 15, 2013 medical records show that Plaintiff has "no medical indication for need of wheelchair," "no nerve damage," is "stable," and has shown "conscious deception."
>
>18. My roundtrip airfare to San Diego was $456.56, my car rental was $46.07, and the gas for the car was $10.76. In addition, I billed the California Department of Corrections and Rehabilitation 14 hours at $170 per hour for a total of $2,380, for preparing, traveling to and from, and attending Plaintiff's deposition.
>
>19. Attached as Exhibit F is a copy of the invoice from the Court Reporter, who charged defendants $141.20 for preparing the transcript of C. Taylor.
>
>20. In addition, I billed the California Department of Corrections and Rehabilitation 7 hours drafting the motion to compel and obtaining documentation necessary to support the motion. As a result, the Defendants incurred $4,213.83 in costs and attorneys' fees associated with this deposition and motion to compel.

(ECF No. 143-2 at 1-3.)

The medical records attached to counsel's declaration indicate that plaintiff has no medical need for a wheelchair. (Id. at 18, 19, 27, 29.)

In his opposition to defendants' motion to compel, plaintiff alleges that he requires a wheelchair. Plaintiff alleges that on October 15, 2013, officials at RJD took away his wheelchair without explanation. Plaintiff alleges that since that time, he has been confined to his cell "24/7."

3

1  Plaintiff admits that a wheelchair was brought to his cell to take him to the deposition, but
2  complains that it was not equipped with removable arms or side handles, so that he was unable to
3  get his body into it.  Plaintiff does not provide any evidence in support of his claim that he
4  currently requires a wheelchair.

5  The undersigned finds that plaintiff failed, without good cause, to appear at his properly
6  noticed deposition.  While plaintiff claimed that he required a wheelchair in order to attend,
7  defendants have provided medical records indicating that plaintiff did not require a wheelchair.
8  Plaintiff's claim that he could not use the wheelchair that was provided to him on grounds that he
9  could not get in or out of it because it did not have removable arms or side handles is not
10 supported by his medical records.  Plaintiff's refusal to attend his deposition unless the shackles
11 were removed was not justified based on the valid safety and security concerns of RJD prison
12 officials.

13 While defendants have moved to dismiss this action as a sanction for plaintiff's failure to
14 appear at his deposition, the undersigned finds that this extreme sanction is not warranted at this
15 time.  Instead, monetary sanctions are appropriate.  While defendants incurred $4213.83 in costs
16 and attorneys' fees associated with plaintiff's deposition and the motion to compel, plaintiff is an
17 inmate proceeding in forma pauperis.  Under these circumstances, ordering sanctions of $500 is
18 just.

19 In addition, defendants shall re-notice plaintiff's deposition to take place within sixty days
20 of the date of this order.  The deposition shall take place in a room at the prison designated for
21 depositions, i.e., not at plaintiff's cell.  During the deposition, plaintiff shall honor all security
22 concerns, including the wearing of shackles.  If plaintiff does not attend his deposition, he will
23 face dismissal of this action.[1]

24 Defendants have separately filed a motion to modify the scheduling order.  Defendants
25 request that the court reset the dispositive motion deadline set for March 28, 2014, to a date after
26 plaintiff is deposed.  Good cause appearing, this motion is granted.

---

[1] While defendants are not required to provide plaintiff with a wheelchair, having a wheelchair available for plaintiff's use may increase the likelihood that the deposition may be completed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 143) is granted;
2. Defendants shall re-notice plaintiff's deposition to take place within sixty days of the date of this order;
3. Plaintiff shall pay defendants $500 in sanctions; and
4. Defendants' motion to modify the scheduling order (ECF No. 144) is granted; the dispositive motion cut-off date is re-set to August 1, 2014.

Dated: March 31, 2014

As2462.dep

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE