UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>   Plaintiff,<br><br> v.<br><br>MATTHEW CATE, et al.,<br><br>   Defendants. | No. 2: 11-cv-2462 KJM KJN P<br><br>ORDER |

Introduction

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel. (ECF No. 142.)

Plaintiff's Claims

  Plaintiff's claims arise from a cell move on January 25, 2010. Plaintiff alleges that he was assaulted by his new cellmate, inmate Wilson, the following day, during which plaintiff suffered injuries to his back and neck. Plaintiff alleges that defendants failed to protect plaintiff from inmate Wilson. Plaintiff alleges that inmate Wilson had mental problems and was improperly classified. Plaintiff alleges that he received inadequate medical care for the injuries he suffered as a result of the alleged attack by inmate Wilson.

////

////

Discussion

In the motion to compel, plaintiff generally alleges that defendants failed to provide adequate responses to discovery requests. Plaintiff requests that the court review all of defendants' responses to his discovery requests. Plaintiff identifies the following specific responses with which he takes issue: 1) defendant Virga's response to interrogatory no. 4, set one; 2) defendant Phelps's response to interrogatory no. 15, set one; 3) defendant Ali's responses to interrogatories nos. 13 and 14. Plaintiff also contends that he has not been allowed to review his medical records. Plaintiff also argues that he should be allowed to review inmate Wilson's mental health records.

In their opposition to plaintiff's motion, defendants first object that plaintiff's motion is procedurally deficient because he generally takes issue with all of the responses provided. Defendants argue that it is plaintiff's burden to identify the specific responses to which he is objecting.

In his reply to defendants' opposition, plaintiff argues that he could not prepare a proper motion to compel because he has not had law library access since October 15, 2013. Plaintiff argues that he has not been able to leave his cell since October 15, 2013, when prison officials confiscated his wheelchair.

As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for each disputed response, why defendants' objection is not justified. Ellis v. Cambra, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.

In a separate order addressing defendants' motion for sanctions based on plaintiff's failure to attend his deposition, the undersigned found that plaintiff's claim that he required a wheelchair was not supported by his medical records. For this reason, plaintiff's claim that he could not access the law library is not well supported. The undersigned also observes that in the motion to compel, plaintiff appears quite capable of responding to defendants' objections to his discovery requests. For these reasons, plaintiff's claim of lack of library access does not justify tasking the

2

court with reviewing each of defendants' responses to plaintiff's voluminous discovery requests.[1] The court will, however, address the specific discovery responses identified by plaintiff in the motion to compel.

The undersigned first considers plaintiff's request to review his medical file. In their opposition, defendants state that prison policies permit inmates to review their medical files through a procedure called an Olsen review. Attached as an exhibit to defendants' motion is a copy of the form inmates requesting Olsen reviews must complete.

In his reply to defendants' opposition, plaintiff references his pending motion requesting that the court order prison officials to provide him with access to his medical file. (ECF No. 146.) In this motion, plaintiff alleges that he requested an Olsen review on September 24, 2013, and September 17, 2013, but his efforts were "stonewalled." Attached as exhibits to plaintiff's motion for access to his medical file are requests submitted by plaintiff to review his medical file. Also attached as an exhibit is a memorandum dated November 14, 2013, from Health Care Services rejecting plaintiff's appeal of a denial of his request for an Olsen review. This memorandum states that the Health Care Appeals process is not the appropriate method for requesting an Olsen review.

It appears that plaintiff's previous requests for Olsen reviews were denied because plaintiff did not follow the proper procedures for requesting the reviews. Defendants have now

---

[1] See ECF No. 142 at 18-26 (request for production of documents, set one, 20 requests); id. at 32-34 (request for production of documents, set two, 4 requests); id. at 37-49 (request for admissions, set one, 43 requests); id. at 52- 59 (interrogatories addressed to defendant Phelps, set two, 29 interrogatories); id. at 64-73 (request for production of documents and interrogatories addressed to defendant Virga, set two, 15 requests for production of documents, 13 interrogatories); ECF No. 142-1 at 6-11 (request for production of documents and interrogatories addressed to defendant Ali, set one, 1 request for production of documents, 13 interrogatories); id. at 15-23 (interrogatories addressed to defendant Elston, set one, 30 interrogatories); id. at 27-35 (interrogatories addressed to defendant Virga, set one, 26 interrogatories); id. at 2-6, 56-59, 241-243 (interrogatories addressed to defendant Phelps, set one, 34 interrogatories); id. at 239-298 (request for production of documents addressed to defendant Phelps, set one, 4 requests); id. at 244-252 (request for production of documents and interrogatories addressed to defendant Wedell, set one, 2 requests for production of documents, 20 interrogatories); id. at 256-267 (interrogatories and request for production of documents addressed to defendant Chen, set one, 28 interrogatories, 5 requests for production of documents.)

provided plaintiff with the proper forms for requesting an Olsen review.  Accordingly, plaintiff's motion for the court to order prison officials to provide him with an Olsen review is denied.  The court also denies plaintiff's motion to compel defendants to provide him with an Olsen review.

In response to plaintiff's request to review inmate Wilson's mental health records, made in several of his discovery requests, defendants object that these records are protected under the right to privacy and under the Health Insurance Portability and Accountability Act ("HIPAA").  Defendants also argue that they do not have possession, custody or control of non-party inmate Wilson's medical file.

With regard to defendants' objection based on the right to privacy and HIPAA, there exists a privacy right in one's confidential medical records and certain other records.  However, the privacy right is not absolute and discovery may be allowed if a balancing of the privacy right against the need for the information weighs in favor of disclosure.  See, e.g., Allen v. Woodford, 2007 WL 309485, at *6 (E.D.Cal. Jan. 30, 2007); Sedaghatpour v. State of California, 2007 WL 4259214, at *1 (N.D.Cal. Dec. 3, 2007); Holestine v. Terhune, 2003 WL 23281594, at *10 (N.D.Cal. Nov. 21, 2003).

Here, balancing plaintiff's need for the information he seeks against the privacy rights asserted by defendants, favor tips in favor of plaintiff.  Plaintiff alleges that inmate Wilson had mental health issues and should not have been double celled.  Based on these allegations, inmate Wilson's mental health records for the year preceding the incident are relevant. However, inmate Wilson's privacy rights dictate that these records be filed under seal with the court.

Defendants object that they do not have access to inmate Wilson's medical file. Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents ... which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the "possession, custody, or control" of the served party if the party has actual possession, custody, or control, or has "the legal right to obtain the documents on demand."  U.S. v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989).  The party responding to a request for production of documents has an obligation to conduct a reasonable inquiry into the factual basis of its

responses to the request to produce documents.  Fed. R .Civ. P. 34.

A party must make reasonable efforts to respond, and reasonableness is determined by the size and complexity of the case and the resources that a responding party has available to put to the case.  See United States ex rel Englund v. Los Angeles County, 235 F.R.D. 675 (E.D.Cal. 2006).  Moreover, if the responding party would necessarily have to gather the requested information to prepare its own case, objections that it is too difficult to obtain the information for the requesting party are not honored.  Flour Mills, Inc. v. Pace, 75 F.R.D. 676, 680 (D.Okla. 1977).  See also 8A Wright, Miller & Marcus, Federal Practice and Procedure, § 2174 at 302-05 (2nd ed. 1994).

Defendants are directed to supplement their objection that they do not have custody or control over inmate Wilson's mental health records for the year prior to the alleged incident. Defendants shall address the location of these records and why they cannot be obtained with reasonable efforts, including whether they have the legal right to obtain the documents.  If, upon further inquiry, defendants determine that they are able to access these records, defendants shall file these records under seal with the court.  The court will consider these records at the time it considers a dispositive motion or at trial.

Interrogatory no. 4 asked defendant Virga, "When did Wilson arrive at CSP/SAC?"  (ECF No. 142-1 at 28.)  Defendant Virga responded,

> Responding party objects on the grounds that the interrogatory seeks information that is not relevant to a claim or defense in this lawsuit and infringes on a third party's right to privacy.  Without waiving objection, inmate Wilson paroled and therefore his admission information is no longer available in the CDCR inmate locator public database.

(Id. at 29.)

In the motion to compel, plaintiff does not address how the date on which inmate Wilson arrived at CSP-Sac is relevant.  While this information may lead to relevant information, it is not directly relevant to this action.

The undersigned agrees with defendants that inmate Wilson has a right to privacy regarding the date on which he arrived at CSP-Sac.  When the constitutional right of privacy is

5

involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." Artis v. Deere, Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) (quoting Wiegele v. Fedex, 2007 WL 628041, at *2 (S.D. Cal. 2007). "Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information." Id. (quoting Wiegele, 2007 WL 628041, at *2.) Because plaintiff has not addressed the relevancy of this information, so that the court may weigh inmate Wilson's right to privacy, the motion to compel as to this request is denied.

Interrogatory no. 15 asked defendant Phelps, "How did you know that Wilson suffered from severe mental illness?" (ECF No. 142-1 at 243.) Defendant responded, "Responding party objects on the grounds that the interrogatory assumes facts not in evidence and lacks foundation. Responding party further objects on the grounds that the interrogatory … seeks information that is confidential and disclosure would infringe on a third party's right to privacy." (Id. at 2.)

Defendant's objections that the interrogatory assumes facts not in evidence and lacks foundation are well taken. The motion to compel as to this interrogatory is denied.

Interrogatory no. 13 asked defendant Ali, "Produce any and all x-rays and MRIs before 1-26-10 January, twenty six. The year of twenty ten, that show injuries to the plaintiff's lower back area specifically the S-1, L-5 areas." (ECF No. 142-1 at 10.) Defendant Ali responded, "Responding party objects on the ground that the request is unintelligible as framed. Without waiving objections, copies of any MRIs or x-rays plaintiff underwent are located in plaintiff's medical file, which are available for inspection and copying pursuant to prison policy and procedure." (Id.)

As discussed above, plaintiff may request access to his medical files by way of an Olsen review. Thus, plaintiff's x-rays and MRIs are equally available to plaintiff. For this reason, plaintiff's motion to compel as to this interrogatory is denied.

Interrogatory no. 14 asked defendant Ali, "Describe in as much detail as possible in 'laymen' term, the difference between the x-rays and MRIs of the plaintiff's lower back prior to January twenty-six, twenty ten, and the x-rays and MRIs of the Plaintiff's lower back after the

date of January twenty-six, twenty ten." (Id. at 22.) Defendant Ali responded, "Responding party is not in possession, custody or control of any x-rays or MRIs of plaintiff taken prior to January 26, 2010, and therefore, cannot respond to the interrogatory." (Id.)

Defendant Ali's response to this interrogatory is unclear as he did not object that he did not have access to the x-rays and MRIs of plaintiff's back taken after January 26, 2010, requested in interrogatory no. 13. It is unclear, for example, if defendant Ali is claiming that any x-rays or MRIs taken prior to that time are not in his custody as neither of these tests were performed after plaintiff's incarceration in the California Department of Corrections and Rehabilitation, or just that Defendant Ali does not have access to them. Accordingly, defendant Ali is directed to file a supplemental response to this interrogatory.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the date of this order, defendants shall file the further briefing addressing plaintiff's request for inmate Wilson's mental health records and defendant Ali's supplemental response to interrogatory no. 14; following receipt of this further briefing, the court will issue further orders, if appropriate; plaintiff's motion to compel (ECF No. 142) is denied in all other respects; and

2. Plaintiff's motion to review his medical file (ECF No. 146) is denied.

Dated: March 31, 2014

As2462.com

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE