UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, | No. 2: 11-cv-2462 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's April 18, 2014 motion for a court order regarding legal materials. For the following reasons, pursuant to the All Writs Act, the Warden of the R.J. Donovan Correctional Facility ("RJDCF") is directed to file a response to this motion.

    Plaintiff is housed at RJDCF. On May 24, 2013, plaintiff filed a motion for injunctive relief alleging that he was denied access to his legal materials related to the instant action. Plaintiff alleged that his legal materials were missing from his property that was packed and stored when he was placed in administrative segregation. Plaintiff suggested that the materials were confiscated in retaliation for his pursuit of the instant action.

    On July 10, 2013, the undersigned recommended that plaintiff's May 24, 2013 motion for injunctive relief be denied. In the findings and recommendations, the undersigned observed that

1

1  no defendants were located at RJDCF.  The court cannot order injunctive relief against
2  individuals who are not parties to a suit pending before it.  See Zenith v. Radio Corp. v. Hazeltine
3  Research, Inc., 395 U.S. 100 (1969).  The court would have to invoke the All Writs Act, 28
4  U.S.C. § 1651(a) in order for officials at RJDCF to respond to plaintiff's motion.  The
5  undersigned found that invocation of the All Writs Act was not appropriate because plaintiff had
6  not demonstrated that his property was confiscated in retaliation for his pursuit of the instant
7  action.  The undersigned also noted that plaintiff's claims regarding missing property were under
8  investigation by officials at RJDCF.  Plaintiff was advised that if he was dissatisfied with the
9  results of the investigation, he could file another motion for appropriate relief.  On September, 26,
10 2013, the Honorable Kimberly J. Mueller adopted the July 10, 2013 findings and
11 recommendations.

12       On December 2, 2013, plaintiff filed another motion regarding his missing legal materials.
13 In that motion, plaintiff alleged that on August 25, 2013, he mailed his Director's Level appeal
14 regarding the missing documents.  Plaintiff alleged that the response to that grievance was due
15 within sixty days.  Plaintiff alleged that on October 14, 2013, he received a letter from J.D.
16 Lozano stating that his Director's Level Appeal was sent to prison officials at RJDCF with
17 instructions to complete a second level review within 30 working days.  Plaintiff alleged that this
18 appeal would then go back to the Director's Level of Review for another sixty days of review.
19 Plaintiff alleged that the appeals process regarding his missing documents would not be complete
20 until February or March 2014.

21       On December 17, 2013, the undersigned denied plaintiff's December 2, 2013 motion.  The
22 undersigned noted that the dispositive motion cut-off date was March 28, 2014.  If plaintiff could
23 not prepare a dispositive motion due to missing legal property, he could file an appropriate
24 motion at that time.

25       In the pending motion, plaintiff alleges that the administrative appeal process regarding
26 his missing property is still not complete.  Plaintiff alleges that on January 16, 2014, he
27 resubmitted his Director's Level Appeal regarding his missing property.  Plaintiff alleges that he
28 has yet to receive the response to his Director's Level appeal.

1  The administrative review process of plaintiff's grievance regarding his missing legal property has gone on for a long time.  Under these circumstances, requiring the Warden of RJDCF to respond to plaintiff's claim regarding his missing legal property, pursuant to the All Writs Act, is appropriate.  While plaintiff's Director's Level Appeal has apparently not been resolved, the court requests that the Warden inform the court of the status of plaintiff's missing legal property, including information regarding the related investigation, regardless of the status of the administrative appeals process.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, the Warden of RJDCF shall inform the court of the status of plaintiff's missing legal property;

2. The Clerk of the Court is directed to serve a copy of this order and plaintiff's April 18, 2014 motion on the Warden of the R.J. Donovan Correctional Facility, P.O. Box 799003, San Diego, California, 92179;

3. The Clerk is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson.

Dated: April 25, 2014

As2462.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3