UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | No.  2:  11-cv-2462 KJM KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's April 18, 2014 motion for a court order regarding legal materials.  For the following reasons, this motion is denied.

*Background*

　　　　Plaintiff is housed at the R.J. Donovan Correctional Facility ("RJDCF").  On May 24, 2013, plaintiff filed a motion for injunctive relief alleging that he was being denied access to his legal materials related to the instant action.  (ECF No. 103.)  Plaintiff alleged that his legal materials were missing from his property that was packed and stored when he was placed in administrative segregation.  (Id.)  Plaintiff suggested that the materials were confiscated in retaliation for his pursuit of the instant action.  (Id.)

////

////

1

1    On June 13, 2013, pursuant to the All Writs Act, the undersigned directed the Warden of
2    RJDCF to respond to plaintiff's claims alleging confiscation of his legal materials. (ECF No.
3    105.) In response to the June 13, 2013 order, the court received a declaration from RJDCF
4    Property Officer Morales dated June 27, 2013. (ECF No. 106.) Property Officer Morales stated
5    that inmates in ad seg, like plaintiff, were permitted to have up to one cubic foot of legal materials
6    in their cell. (Id. at 2.) If an ad-seg inmate had more than one cubic foot of legal materials, the
7    excess were stored in Receiving and Release. (Id.) Property Officer Morales stated that the last
8    time plaintiff accessed his stored legal materials was on May 4, 2013. (Id.) Plaintiff spent one
9    and one-half hours going through his legal property, but did not take any to his cell. (Id.)
10   Property Officer Morales stated that there was no indication that any of plaintiff's legal materials
11   were lost or stolen. (Id.) Property Officer Morales was aware that plaintiff had filed an inmate
12   appeal alleging that some of his legal materials were missing. (Id.) This grievance was being
13   processed. (Id.)

14   On July 10, 2013, the undersigned recommended that plaintiff's May 24, 2013 motion for
15   injunctive relief be denied. (ECF No. 108.) The undersigned found that plaintiff had not
16   demonstrated that his property was confiscated in retaliation for his pursuit of the instant action.
17   (Id.) The undersigned also noted that plaintiff's claims regarding missing property were under
18   investigation by officials at RJDCF. (Id.) Plaintiff was advised that if he was dissatisfied with
19   the results of the investigation, he could file another motion for appropriate relief. (Id.)

20   On September 26, 2013, the Honorable Kimberly J. Mueller adopted the July 10, 2013
21   findings and recommendations. (ECF No. 120.) Judge Mueller directed the Clerk of the Court to
22   send plaintiff a copy of the docket sheet for this action. (Id.) Plaintiff was directed to mark those
23   documents on the docket he required to prosecute this action and return it to the court within
24   fourteen days. (Id.) Plaintiff did not return the docket sheet.

25   On December 2, 2013, plaintiff filed another motion regarding his missing legal materials.
26   (ECF No. 135.) In that motion, plaintiff alleged that his administrative grievance regarding the
27   missing legal materials was still being processed. (Id.) Plaintiff alleged that the appeals process
28   regarding his missing documents would not be complete until February or March 2014. (Id.)

On December 17, 2013, the undersigned denied plaintiff's December 2, 2013 motion. (ECF No. 136.) The undersigned noted that the dispositive motion cut-off date was March 28, 2014. (Id.) If plaintiff could not prepare or respond to a dispositive motion due to missing legal property, he could file an appropriate motion at that time. (Id.)

On April 18, 2014, plaintiff filed the pending motion. (ECF No. 153.) Plaintiff alleges that the administrative appeal process regarding his missing property is still not complete. (Id.) On April 25, 2014, pursuant to the All Writs Act, the undersigned directed the Warden of RJDCF to respond to plaintiff's claim regarding his missing legal property. (ECF No. 154.)

On May 9, 2014, RJDCF Warden Paramo filed a response to the April 25, 2014 order. (ECF No. 156.) Warden Paramo states that plaintiff's grievance regarding the alleged missing property was denied at the third and final level of review on April 10, 2014. (Id. at 1.) In this grievance, plaintiff alleged that he was missing, in relevant part, law books, over three years of notes regarding civil litigation and health care request forms. (ECF No. 156-1 at 2.) The documentation provided regarding plaintiff's grievances demonstrates that his claims were investigated and found unsubstantiated. In relevant part, the first level response states,

> The appellant is submitting this appeal relative to his allegations that some of his property is missing due to staff negligence. Specifically, the appellant was placed in the Administrative Segregation Unit (ASU) on April 17, 2013. The appellant states that on April 17, 2013, Correctional Officer R. Toledo attempted to have him sign the property inventory form CDC 1082, but he refused because the following items were not listed:
>
> GE Super II radio
>
> Fan
>
> Clippers
>
> Shaver
>
> Unspecified canteen items.
>
> The appellant also claims he was then taken to Receiving and Release (R & R) on May 4, 2013 to obtain some legal materials from his property. The appellant alleges that it was at this time he discovered he was missing the following:
>
> 3 Law book

3

Three years of notes.

200 sheets of line #28 paper

Three years of CDCR 7362 medical receipts.

The appellant further alleges that on April 17, 2013, Officer Toledo informed him that he did not have time to list all of his property on the inventory form and that he was not a thief.

****

On July 7, 2013, Correctional Lieutenant J. Clarke interviewed the appellant regarding the matter. During the interview, the appellant reiterated his concerns as documented on the CDCR 602 appeal form. The appellant also stated that the legal documents taken from his property were specifically related to litigation that he is pursuing against the State and he believes that they were removed to impede his efforts in this matter. The appellant added no other new or relevant information for consideration in this matter.

Officer Toledo was contacted regarding the allegations made by appellant. Officer Toledo indicated that he did recall the events relative to appellant being re-housed in the ASU. Officer Toledo indicated that the appellant was single celled and no other inmates had access to his property. All appliances, canteen, legal materials, and any other property that was in the cell was systematically listed on the inventoried form and packed for storage in accordance with CDCR and RJDCF policy. When Officer Toledo brought the Property Inventory form to the appellant in the ASU he did make the statement that he was not a thief, but it was in reply to the appellant's comment that he knew Officer Toledo was going to steal his stuff. Officer Toledo denied making the statement that he did not have the time to list all of the appellant's property.

The appellant is alleging that Officer Toledo or Officer Godinez deliberately took documents from his legal materials in an attempt to impede his efforts to pursue civil litigation against the state. However, during the interview with Lieutenant Clarke the appellant indicated that neither Officer Toledo nor Officer Godinez was in any way connected to his intended litigation. Based on this information it is reasonable to believe that neither Officer Toledo nor Officer Godinez would have any knowledge of the appellant's legal intentions nor would they profit from an attempt to impede his efforts in such an endeavor.

A review of the appellant's property card located in R & R does indicate the unaccounted for appliances: GE Super II radio, fan, Braun Shaver and Norelco Shaver; the canteen items are not recorded on the property card and are normally consumables.

It is the policy of the California Department of Corrections and Rehabilitation to accept responsibility for damaged or lost property when it has been established that the loss is a direct result of employee negligence. The appellant however bears the burden of

4

> proof. The appellant has not established that the missing items were in his cell when he was re-housed in the ASU, and therefore has not proven negligence by a department employee. No compelling evidence has been presented to support the appellant's allegations, therefore the appellant's claims are found to be without merit.

(ECF No. 156-1 at 20-21.)

In denying plaintiff's third level grievance, the Director's Level Decision relied on the findings made in the first level response. (Id. at 2-3.)

*Discussion*

The record demonstrates that prison officials at RJDCF investigated plaintiff's claims alleging retaliatory confiscation of his legal property. Following the investigation, prison officials at RJDCF could not substantiate plaintiff's claims that the legal property was taken in retaliation for his legal activities or that prison officials otherwise confiscated his legal property. At this point, there is nothing more the court can do to assist plaintiff in locating his allegedly missing legal materials. The court cannot order prison officials to produce allegedly missing legal property that they cannot locate. Plaintiff must prosecute this action to the best of his ability without the allegedly missing legal materials.

As noted above, Judge Mueller gave plaintiff the opportunity to submit a docket sheet that marked the documents missing from plaintiff's legal materials that plaintiff required to prosecute this action. Plaintiff did not return the docket sheet to the court. Nevertheless, plaintiff will be granted another opportunity to submit a marked docket sheet. While some of the allegedly missing documents may not be on the court docket, the court can only assist plaintiff with replacing those documents on the court docket.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order regarding his legal materials (ECF No. 153) is denied;

////

////

////

////

2. The Clerk of the Court is directed to send plaintiff a copy of the docket sheet for this action; within fourteen days of the date of this order, plaintiff shall mark those documents on the docket sheet he requires to prosecute this action and return it to the court.

Dated: June 4, 2014

As2462.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE