UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,

  v.

MATTHEW CATE, et al.,

    Defendants.

No. 2: 11-cv-2462 KJM KJN P

ORDER

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 31, 2014, the undersigned directed defendants to file further briefing regarding two requests contained in plaintiff's motion to compel. (ECF No. 151.) On April 17, 2014, defendants filed a response to the March 31, 2014 order. (ECF No. 152.) For the following reasons, defendants are directed to supplement their April 17, 2014 response.

Plaintiff's Claims

    Plaintiff's claims relevant to the pending motion arise from a cell move on January 25, 2010. Plaintiff alleges that he was assaulted by his new cellmate, inmate Wilson, the following day, during which plaintiff suffered injuries to his back and neck. Plaintiff alleges that defendants failed to protect plaintiff from inmate Wilson. Plaintiff alleges that inmate Wilson had mental problems and was improperly classified. Plaintiff alleges that he received inadequate medical care for the injuries he suffered as a result of the attack by inmate Wilson.

Plaintiff alleges failure to protect claims against defendants Elson, Phelps, Virga and Chen. In particular, plaintiff alleges that defendant Elson brought inmate Wilson to plaintiff's cell. (ECF No. 49 at 7.) Plaintiff alleges that after the incident involving inmate Wilson, defendant Phelps told plaintiff that he (Phelps) made the cell move knowing that inmate Wilson had serious mental problems. (Id. at 9.) Plaintiff also alleges that just prior to becoming plaintiff's cellmate, inmate Wilson was housed in administrative segregation ("ad seg"). (Id. at 11.) Plaintiff alleges that while housed in ad seg, inmate Wilson behaved in a way consistent with someone with mental health problems. (Id.) Plaintiff alleges that B-4 and ad seg staff knew that inmate Wilson suffered from serious mental health problems. (Id. at 12.)

Plaintiff alleges that defendant Chen was inmate Wilson's treating psychiatrist prior to inmate Wilson being housed with plaintiff. (Id.) Plaintiff alleges that defendant Virga, as a member of the weekly classification committee, was responsible for classifying all ad seg inmates, including inmate Wilson. (Id.) Plaintiff is alleging that defendants Chen and Virga were responsible for inmate Wilson's wrongful change in classification which resulted in inmate Wilson being housed with plaintiff.

Discussion

*Defendant Ali's Response to Interrogatory No. 14*

In the March 31, 2014 order, the undersigned directed defendant Ali to file a supplemental response to plaintiff's interrogatory 14. (ECF No. 151 at 6-7.) This interrogatory asked defendant Ali to describe the difference between the x-rays and MRI's taken of plaintiff's lower back prior to January 26, 2010, and those taken after that date. Defendant Ali responded that he did not have possession, custody or control of any x-rays or MRIs taken of plaintiff prior to January 26, 2010, and therefore, could not respond to interrogatory no. 14. (Id.)

In the March 31, 2014 order, the court found that it was unclear from defendant Ali's response to interrogatory no. 14 whether he was claiming that he did not have access to any x-rays or MRIs prior to January 26, 2010, because neither of these tests were performed. (Id.) The court directed defendant Ali to clarify his response.

////

2

In his supplemental response, defendant Ali states that he is not in possession, control or custody of any x-rays or MRIs taken of plaintiff prior to January 26, 2010. (ECF No. 152-1 at 16.) Defendant Ali states that he has been informed that his attorney requested plaintiff's medical records from January 1, 2009, to the present, but that no x-ray or MRI reports have been located that predate January 26, 2010. (Id.) Defendant states that he will supplement his response to the interrogatory in the event that an x-ray or MRI report is located. (Id.)

In a pleading filed May 27, 2014, plaintiff states that after having an Olsen review of his medical records, he obtained x-rays of his lower back from April 1, 2008, and February 18, 2010. (ECF No. 159.) Attached to plaintiff's pleading are what appear to be reports from these x-rays. (Id.)

Plaintiff's interrogatory no. 14 did not limit the date of any x-ray or MRI taken of his back prior to January 2010. Defendant did not make any objection to plaintiff's open-ended request for x-ray and MRI comparisons. In any event, plaintiff's request for defendant Ali to compare x-rays from April 2008 and February 2010 is not unreasonable. Accordingly, defendant Ali is directed to file a supplemental response to plaintiff's interrogatory no. 14 based on the alleged x-ray reports attached to plaintiff's May 27, 2014 pleading.

*Inmate Wilson's Mental Health Records*

In the motion to compel, addressed in the March 31, 2014, order, plaintiff alleged that defendants denied his request to review inmate Wilson's mental health records. In the March 31, 2014 order, the undersigned directed defendants to supplement their objection that they did not have custody or control over inmate Wilson's mental health records for the years prior to the alleged incident. (ECF No. 151 at 5.) Defendants were directed to address the location of these records and why they could not be obtained with reasonable efforts. (Id.) If, upon further inquiry, defendants determined that they did have access to these records, defendants were directed to file them under seal. (Id.)

Defendants' response to the March 31, 2014 order sets forth four reasons why inmate Wilson's mental health records cannot be produced. First, defendants state that because inmate Wilson is on parole, his records are not kept in the electronic Unit Health Record, which would be

3

accessible to medical defendants.  Instead, inmate Wilson's records are located at the Health Records Center, and are presumably archived.  Defendants argue that because the records are presumably archived, the individual defendants do not have possession, custody or control of the records.  Defense counsel also represents that she has requested that the Health Records Center look for inmate Wilson's medical file and inform defense counsel if the records contain inmate Wilson's mental health records from January 2009 through January 2010.

As discussed in the March 31, 2014 order, Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents ... which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the "possession, custody, or control" of the served party if the party has actual possession, custody, or control, or has "the legal right to obtain the documents on demand." U.S. v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989).

The court agrees that defendants do not have actual possession, custody or control over the at-issue records if they are archived.  However, for the reasons stated herein, the undersigned finds that defendants have now shown that they do not have a legal right to obtain these records.

In their second point, defendants argue that the Office of the Attorney General is permitted to obtain an inmate's medical records for purposes of defending employees of the California Department of Corrections and Rehabilitation ("CDCR").  In a declaration submitted in support of the further briefing, defense counsel states that she contacted senior staff counsel with the California Receiver's Office who informed her that the Attorney General's office is able to obtain an inmate's medical records for purposes of defending litigation.  (ECF No. 152-1 at 2.)

Plaintiff's primary contention concerns Wilson's mental health history and appropriateness of being celled with plaintiff.  Nevertheless, in her declaration, defense counsel states that she has not requested or reviewed inmate Wilson's mental health records in the course of defending this action.  (Id.)  Defendants' objection that they cannot provide the records because they are not sought for purposes of defending litigation is without merit.

Defendants also argue that plaintiff's Eighth Amendment claim against them turns on what they knew at the time they double celled plaintiff with inmate Wilson, and not what they

should have known based on inmate Wilson's medical file. This argument is untimely as it should have been raised in defendants' opposition to plaintiff's motion to compel. This argument is not relevant to the issue of whether defendants have access to inmate Wilson's records. Nevertheless, for the reasons stated herein, this argument is also without merit.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040–41.

Plaintiff is alleging that defendants knew that inmate Wilson had serious mental health problems. Inmate Wilson's mental health records are relevant to this claim and may also lead to relevant evidence. Defendants' suggestion that inmate Wilson's mental health records are not relevant is without merit.

In their third point, defendants argue that without an expert report, inmate Wilson's mental health records will offer little guidance to the court. If the undersigned or trial judge determines that an expert is required in order to evaluate inmate Wilson's records, an expert may be appointed.

Defendants also argue that even if the court felt that certain portions of the records should be reviewed by plaintiff, safety and security concerns would be at issue. Defendants argue that because plaintiff should not be permitted to review or have access to inmate Wilson's mental health records for safety and security reasons, they cannot be entered at trial or relied on in a dispositive motion.

The undersigned acknowledges the serious safety and security issues that would arise were plaintiff to have access to inmate Wilson's mental health records. Assuming that the court determines that no portion of the records should be disclosed to plaintiff, there are various

procedures by which the records may be considered by the court in the context of a dispositive motion and at trial which take into account the relevant safety and security concerns.

In their fourth point, defendants argue that plaintiff had the ability to request a subpoena for inmate Wilson's records from the court while discovery was still open. Defendants argue that a subpoena was the appropriate manner in which to seek the records. This argument is not relevant to the issue of whether defendants have access to inmate Wilson's records. This argument is untimely as it should have been raised in defendants' opposition to plaintiff's motion to compel. Nevertheless, the undersigned finds that plaintiff's request for inmate Wilson's records, through the discovery process, rather than by way of a subpoena, was not improper.

For the reasons discussed above, the undersigned finds that defendant' arguments regarding why they do not have access to inmate Wilson's relevant mental health records are unpersuasive. Within fourteen days of the date of this order, defense counsel shall determine whether inmate Wilson's mental health records from January 2009 through January 2010 have been located in the archives. If the records have been located, within fourteen days, defense counsel shall file a request to file these records under seal, pursuant to Local Rule 141, and a request for a protective order pursuant to the Health Insurance and Portability and Accountability Act ("HIPAA").[1] If the records cannot be located at the Health Records Center, defendants shall inform the court within that time with a declaration from the person who conducted the search.

Accordingly, IT IS HEREBY ORDERED that within fourteen days defendant Ali shall file a supplemental response to interrogatory no. 14; within fourteen days, defendants shall file a request to file under seal inmate Wilson's mental health records from January 2009 through January 2010, and a request for a protective order; if these records cannot be located at the Health

---

[1] HIPAA's privacy provisions allow for disclosure of medical information in the course of administrative or judicial proceedings; however, the Act places certain requirements on both the medical professional providing the information and the party seeking it. See 45 C.F.R. § 164.512(e) (2004). Under HIPAA, disclosure is permitted, inter alia, pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order...." 45 C.F.R. § 164.512(1)(e)(ii)(b). The protective order must prohibit "using or disclosing the protected health information for any purpose other than the litigation ..." and "[r]equire [ ] the return to the [physician] or destruction of the protected health information ... at the end of the litigation or proceeding." 45 C.F.R. § 164.512(1)(e)(v).

1 | Records Center, defendants shall inform the court within that time with a declaration by the
2 | person who conducted the search.
3 | Dated: June 4, 2014
4 |
5 | As2462.rec

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE